IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES SPENCER,
:
:
Petitioner      :
:         CIVIL NO. 4:CV-09-0932
:
v.                :         (Judge McClure)
:
RICARDO MARTINEZ,      :
:
Respondent      :

## **MEMORANDUM**

November 30, 2009

## **BACKGROUND**

Petitioner James Spencer ("Petitioner" or "Spencer"), an inmate confined at the United States Penitentiary at Allenwood ("USP Allenwood") in White Deer, Pennsylvania, initiated this *pro se* action by filing a petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2241. He alleges that the Bureau of Prisons ("BOP")'s imposition of sanctions against him as a result of his failure to participate in the BOP's Inmate Financial Responsibility Program ("IFRP") for the collection of restitution payments was contrary to law. (*See* Rec. Doc. No. 1.) Spencer claims that only the sentencing court has authority to schedule restitution payments and that this authority cannot be delegated to the BOP. (*See id.*) As relief, he seeks "removal of all BOP imposed fee or FRP collections against him, no sanctions by the BOP may be

imposed, and a legal permanent bar from the BOP reinstalling any collections of any type, or sanctions." (*See id.*)

Service of the petition was directed by Order dated June 18, 2009. (Rec. Doc. No. 4.) A response was filed on July 8, 2009. (Rec. Doc. No. 5.) On July 20, 2009, Petitioner filed his reply. (Rec. Doc. No. 7.) Accordingly, the petition is ripe for review. For the reasons set forth below, the petition will be dismissed.

**DISCUSSION**

Respondent contends that Spencer's petition should be dismissed for failure to exhaust administrative remedies. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62

(citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. *Id.* If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Respondent has submitted proof that, as of June 26, 2009, Spencer had not filed any administrative remedies since he has been in BOP custody. (Sullivan Decl., Rec. Doc. No. 5-2 at 22 ¶ 18; SENTRY printout, Rec. Doc. No. 5-2 at 44.) While exhaustion may be excused upon an affirmative showing of futility, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), Spencer has not asserted that the exhaustion

requirement should be excused in his case. Accordingly, the petition for writ of habeas corpus will be dismissed for failure to exhaust administrative remedies. An appropriate Order follows.

s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES SPENCER, :
:
    Petitioner :
: CIVIL NO. 4:CV-09-0932
:
v. : (Judge McClure)
:
RICARDO MARTINEZ, :
:
    Respondent :

## **ORDER**

November 30, 2009

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                            s/ James F. McClure, Jr.
                                         JAMES F. McCLURE, JR.
                                         United States District Judge